T.C. Memo. 2001-60


UNITED STATES TAX COURT


NATHAN SNYDER AND GAIL SNYDER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11951-99.                    Filed March 12, 2001.


<u>Kenneth E. Keate</u>, for petitioners.

<u>Melissa J. Hedtke</u>, for respondent.


MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax in the amount of
$4,028 for the taxable year 1997.  Rule references are to the Tax
Court Rules of Practice and Procedure.

After a concession by petitioners,[1] the issues for decision are:  (1) Whether petitioners are entitled to claimed itemized deductions or to the standard deduction in lieu thereof; (2) whether petitioners are entitled to a deduction for car and truck expenses for their business; and (3) whether petitioners are entitled to a deduction for legal and professional expenses for their business.[2]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  In addition, certain facts are deemed to have been admitted by petitioners, as discussed below.  Petitioners resided in Columbia Heights, Minnesota, on the date the petition was filed in this case.

Petitioners filed a joint Federal income tax return for the taxable year 1997.  On the return, petitioners claimed a miscellaneous itemized deduction for employment agency fees of $5,300.  Filed with the return was a Schedule C, Profit or Loss From Business, for a "service-insurance" business named "NP Snyder Agency," on which petitioners claimed deductions for,

---

[1]At trial petitioners conceded the correct amount of the State income tax refund includable in income is $2,463, rather than $949 as reported on their return.

[2]Adjustments to self-employment income tax and the deduction therefor are computational and will be resolved by the Court's holding on the issues in this case.

inter alia, car and truck expenses of $5,050 and legal and professional services of $13,870.

In the statutory notice of deficiency, respondent disallowed the deduction for the employment agency fees because petitioners failed to show the expense was paid during the taxable year and that the expense was an ordinary and necessary business expense. As a result, petitioners' remaining itemized deductions are less than the standard deduction of $6,900, which respondent accordingly allowed in lieu thereof. Respondent also disallowed petitioners' Schedule C business deductions listed above because petitioners failed to show that they were eligible for them.

On January 7, 2000, after the filing of the petition and the answer in this case, respondent served on counsel for petitioners requests for admissions. The requests set forth the following relevant matters:

> 5. The correct amount of petitioners' miscellaneous itemized deductions for 1997 was zero ($0.00) as determined by respondent.

> 15. The correct amount of petitioners' Schedule C car/truck expense for 1997 was zero ($0.00) as determined by respondent.

> 20. The correct amount of petitioners' Schedule C legal/professional expense for 1997 was zero ($0.00) as determined by respondent.

Petitioners never filed answers to the requests for admissions with the Court as required by Rule 90(c), and according to respondent's undisputed assertion petitioners did not serve such

answers on respondent within the 30-day period specified by Rule 90(c). Therefore, each matter in the requests is deemed admitted and is conclusively established for purposes of this case. See Rule 90(c), (f). Petitioners did not move to permit withdrawal or modification of the admissions as permitted under Rule 90(f). Consequently, the evidence presented at trial may be used to place the admitted facts in a different light, but not to impeach them. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

The deemed admissions listed above dispose of all the issues in this case.[3] No credible evidence was submitted at the trial of this case to contradict the admissions. We therefore uphold respondent's determinations in their entirety.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[3]Although petitioners argued in the petition that they were entitled to deductions not claimed on the original return (and no deemed admissions precluded petitioners' presentation of evidence concerning such deductions), no evidence was presented at trial supporting this argument.